Good morning, Your Honors. My name is Sodom Henderson, and I represent Raymond Witzke. I want to apologize for my voice. I've got a long running cold, and I hope it'll last for the ten minutes I have here. I'd like to reserve two of those minutes for rebuttal. And my plan is to focus my arguments on the third issue, the notification condition, but of course, if the Court has questions. Maybe you could also address the computer search issue as well. Sure. Would Your Honor like to start with that? Please. So I mean our issue, I mean in some ways I think it's pretty simple. There are huge privacy concerns as you look at cell phones and computer searches. The Supreme Court said that a search of a phone can reveal more about a private life than even the most, you know, extreme search of a house. And computers sold even more than phones do. And so the condition, this Court has required that before imposing a condition of supervision that permits the search of a defendant's personal computer, the District Court must make a factual finding establishing some nexus between computer use and the goals of punishment. And presumably if you or your client's counsel below had objected, there might well have been the findings and there was no objection, so this is just plain error. This is just plain error. Yeah, so it just seems like you're kind of hard-pressed to complain about findings that weren't made when you didn't ask for them to be made. I mean, yes, which is true in all plain error cases. I mean it's something that ideally should have been resolved below and the District Court should have been given that opportunity. Yeah, I guess let me just clarify my point there. I could see, I guess, if you were saying in an absolute sense that this condition is just invalid on its face, right? As opposed to, well, it could be valid but only if certain I do understand, Your Honor. I would say this. I mean, this is, I think this serves a substantive purpose that this nexus requirement because it, you know, so this Court has seen fit to decide that it is okay to impose computer conditions, computer search conditions. I personally think there should be more protections. But what this nexus requirement does do is at least make the District Court sit up and take notice before doing it. You know, say, okay, I'm doing something really serious here. Do I have, you know, do I have the grounds to do that? But instead of just including, you know, among the list of proposed conditions from probation and just throwing it in with the others. I agree. I don't, there's nothing you've said that I disagree with. It just seems to me, though, that on the face of the condition that the District Court had before it, the nexus was present because this was not just a suspicionless search condition. There were actually two requirements that needed to be met before the search could occur. Number one, the probation officer had to have reasonable suspicion that, what was it, that the computer itself, or no, that your client had violated a condition of probation. And then number two, that the computer itself contained evidence of that violation. And so it seems to me that's the, that's as tight That is not a, that's a, that would be a nexus in enforcing the condition. The nexus required is a nexus in imposing the condition in the first place. Right. A nexus to the purposes of probation. Right. Not, not, it's not a nexus to the underlying crime. We have explicitly held that there need not be a nexus as to that. There needs to be a nexus as to the purposes of probation and what could be more central to the purposes of probation than making sure that your client is complying with the conditions. But again, it's supposed to be a factual finding of facts that appear at sentencing, not new facts that are going to develop later saying that this, this sort of condition is necessary. And if I could just say that the reasonable suspicion isn't the protection that it could be. I mean, I, I would compare this to a search warrant, right? You issue a search warrant to search a computer. That search warrant has to have protocols, you know, to, to make sure that the files being, only the files containing information are being searched and not that it doesn't turn into a general rummaging. There's no protocols here. So really, you know, the, you know, this is a far more defendant friendly condition than some of the ones I've seen. I'll say that. I mean, your client has a, at least a layer of protection here that a lot of these suspicionless search conditions that are imposed on probationers don't contain. I don't, I don't think you could have a suspicionless search of a probationer's file. So I, all right. So what, what do you have to say about the last condition? Or the third, sorry. On that issue. So last year in the United States v. Evans, the court struck down as unconstitutionally vague a then standard condition of probation providing, as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics. But this court noted that that was unconstitutionally vague along three dimensions. First, it was vague as to the sources of information that could be used, whether this court singled out personal history and characteristics as having no clear meaning. What would, what would have to be revised in this condition to get around that, you know, to comply with that holding that, to make it constitutional? Well, so if I can just, I'll, I'll answer that question in part by telling you the other two dimensions and then getting to, to whether I think it can be cured. The second dimension that it was unconstitutional on is what risks were included, whether this is just new criminal behavior or also risks of being an unreliable employee or an unreliable romantic partner or cheating at Scrabble. And it was also vague as to what people had to be notified, how attenuated, whether this is, you know, someone who's at immediate risk or, you know, people you meet on the street or in businesses. I don't think that, I mean, I guess I have two answers to your question. One is I don't, I don't really think that it can be cured. I think that this is not a good subject for a standard condition. This is extremely ambitious. It's trying to cover all risks from all defendants. I don't think you can do that in a couple lines. I tried to write out a condition that would do it and I got to 14 lines and I stopped. I didn't think I'd be able to do it. Well, let me help you out. Wasn't the concern in Evans about a defendant having notice about what constitutes a violation and here where the condition requires the probation officer to notify the defendant about what constitutes a violation in advance, isn't the Evans concern over notice satisfied here and along with the change in the language, which includes the words specific, which I know you want to have happen and answer that and also comment on the case that was just provided by the government before your time runs out at some point. Thank you. So three things there. First, in terms of the court's concerns in Evans, it was not just notice. It was determined guidance to the probation officer. This court made very clear that these are not policy decisions for the probation officer to be making. These are policy decisions for the court to be making, whether we're talking about just criminal risks or other kinds of risks, how attenuated the risks should be before you notify somebody, what sources you can look at. Can the probation officer just act on a hunch and say, you look like the kind of guy who might steal a bike, so go tell everyone with a bike that you're going to steal bikes. Those are not decisions of the probation officer. Those are decisions for the court. I'll make sure you have time to address all of the points, but just on that one, I seem to recall that Evans, though, cited more or less with approval the revised standard condition that the Sentencing Commission has put out. And that condition itself has this delegation to the probation officer. So I can't reconcile what you've just said with our sort of reference with approval to that. Yeah, I struggle with that too. It doesn't make a lot of sense to me. The earlier part of the opinion and then that citation, the clearest thing that I can get to is that that citation to the probation commission's attempt to fix it is more to say that they recognize that there was a problem than to say, this is the ideal solution. And you'll note that this court didn't say, go ahead and impose that suggested condition from the Sentencing Commission. It said, come up with a new, or deal with this in a way consistent with this opinion. It didn't, whereas for the other ones, it said, hey, they got it right, do that. With this one, they didn't say that. Well, isn't it true that there has to be some discretion given to the probation officer to foretell an event that's going to happen perhaps in the future? You've got to give some discretion and that the court will be there to, if they do act on a hunch as opposed to something else, to restrict that hunch. So some discretion is necessary, isn't it? Well, this is total discretion. There's no limits of anything. Your Honor brought up the specific. Specific doesn't mean anything. If I called my wife and told her, please pick me up a specific ingredient for dinner from the grocery store, she would say that makes no sense. What ingredient do you want? So this is no, there's no cabining of the discretion. And if she told you lunch meat, you could get your choice of lunch meat, I suppose, to ham or turkey or whatever. Yeah. So if I, I mean, if you bear down on it and come up with something more, that is actually more specific and it's not just the word specific, then we might be getting somewhere. But I, to get back to Judge Deshaim's question about what, you know, what we should do here, I think it probably, most of the issues that are going to come up that this would reasonably, be reasonably necessary for are going to be obvious at sentencing. You know, if you're a fraudster who's selling memorabilia, counterfeit memorabilia, and you want to go back to that business and, you know, the court can tell you, look, you need to tell the people you're going to sell to. If you're a sex offender and you want to hang out with children, there's a, there's a condition out there that says, your view is that this cannot be a standard condition. It has to be tailored to the individual case. Not at this breadth. I would say, I will say that I went and looked to see what they did in the 7th Circuit, because the 7th Circuit got us into this mess in the first place. And some of the district courts there seem to have just wiped it out completely. There's no more standard condition. The Northern District of Illinois came up with a, sort of broke it into three very narrow and clear conditions that, with checkboxes, and the court could check which ones would apply. So, for instance, they say, your employer, you shall allow the probation officer to notify your employer or any person with whom you conduct business about any reasonably foreseeable risk you pose based on your conduct in this offense or your criminal history. Your employer about any reasonably foreseeable risk you pose based on your history of substance abuse, if you submit a positive drug test. Any person with whom you're dating or in an engagement relationship about any reasonable foreseeable risk you pose based on your conduct in this offense or this criminal history. I'm not sure these are perfect, but at least they limit the people to be notified. They set, they set the universe of people to be notified. They limit the source of risk to the criminal record and the combination of past and current drug use. And they limit the risks to those that are reasonably foreseeable given these sources and the people to be notified. So these, it's standard, but it's a heck of a lot narrower. It's not covering every possible defendant and every possible risk. And then they have a D, other category, where if there is some other risk, some risk that's more specialized to the defendant, then the court can go ahead and come up with that. You say the virtue of that approach is that it eliminates this delegation to the probation officer? It, it, it, I don't know if complete, I mean, it doesn't completely eliminate it. There is some discretion. We're talking reasonably foreseeable risk, but it, it cabins it to something that, you know, is at least far less than what we're looking at here. And if I'm, I know I'm way over time. Does Your Honor want to hear about the, the case mentioned in the 28-J letter? Sure. Okay. So that one, just briefly, it's obviously, it's not precedent because it's, it's a MemDispo. It's not particularly persuasive here because there's no reasoning. And I think that's in part because there was no real litigation on this issue. There was, what happened there was the defendant complained about the Evans conditions being imposed. The government came back and said, yes, those are wrong. You should do these ones instead. And the defendant in reply didn't respond to it at all. And the court just, just stuck them in again without really looking at them or, or, or pulling, pulling at them a little bit. It's not been tested through the crucible of litigation for lack of a better way of putting it. And, and I don't see how it can be reconciled with the earlier part of the Evans opinion where they're saying, okay, so what risks are we talking about? What, you know, what people are we talking about? What sources of risk are we talking about? I don't understand if it's too vague to say criminal record and history or, or history or characteristics, how you can just remove all that language and have, have nothing. I mean, that's, it's vaguer to say nothing than to have these phrases that are vague. Okay. All right. We'll just be sure you have a minute for rebuttal. Let's hear from the, we'll give you a minute for rebuttal. Let's hear from the government. Good morning and may it please the court. Ben Balding for the United States. I guess I'll skip over the first procedurally and substantive reasonable challenge to the sentence of residential treatment and start with the computer search condition. As was discussed by Mr. Henderson, the search condition is subject to a plain error review here and that's important because it doesn't satisfy any of the factors necessary for plain error. As an initial matter, it is a reasonable condition. It is not error at all because as your honor said, it has this reasonable suspicion requirement that does create a nexus here between the manner in which it's going to be carried out. If that alone takes it away from the Bear case, the Bear case did not deal at all with suspicionless searches as we have here. And we cited Knight's, the US v. Knight's case, which doesn't deal with computers. They distinguished it on grounds that computers, cell phones have much more data. However, that went to the touchstone of the Fourth Amendment analysis, which is reasonableness. And by notifying the defendant in advance of the breadth of the scope of the potential search in Knight's, it didn't include cell phones and computers. In this case, it does. That's taken into account in the reasonable expectation of privacy and then protected on the back end by the terms your honor mentioned, which are the reasonable suspicion and related to a possible violation of the condition. And also that there's evidence that the computer contains evidence of that. Bear required a nexus, right? A factual finding by the district judge reflecting a nexus and there was no finding here. What's the connection between mail theft and use of a computer? Well, that Bear required a nexus in the context of a suspicionless search. And so where I'm going with that is that here we have a nexus because there is reasonable suspicion. Even if there wasn't, even if there were a requirement for a nexus here, in addition to what I've stated, Bear is not clearly, so clearly defined that that's required in a, in the context of a reasonable suspicion search to make that error plain. And so for the analysis, even if that did require here. Going on to your question, your honor, which is, is there a nexus? Well, he didn't know, the defendant did not object at the trial court level and had the defendant objected, there are potential nexuses that could have been found. It's a very low threshold. If you look at Bear itself, I believe the defendant had a written, handwritten sheet of sales of firearms that the judge then said, well, I think you could be using a computer to grow your firearms business, something like that. Here, the connection between either mail theft and potential identity theft, or even the use of a computer to communicate with a co-defendant, there was a co-defendant in this case, to obtain drugs. I mean, there are many nexuses that could have been found. We didn't get to that point because it wasn't. Because you had reasonable suspicion. We have reasonable suspicion and you don't need. That is the nexus here, your honor, if that were required. And so, for all those reasons, plain error, just simply, there is no plain error here, there's no error, and if there were, it's not plain, it's not clear under Bear that this nexus is required, where there is a reasonable suspicion requirement. You filed a 28-J letter, right? I did, yes, Your Honor.  Yes, Your Honor. I notice what's different about that case is that the Ninth Circuit panel itself made the amendments to the conditions that rendered it valid, instead of sending it to the District Court to make the changes, right? Are you, I'm sorry, are you speaking of the specifics of the notification provision now, where we're talking about the Evans specifics? We're talking about the notification provision, right? In the case you gave us. I think he's talking about the case you gave us in your 28-J letter. You know the case you gave us, right? In the footnote, the panel actually made the change. In U.S. v. Monroe? Yes, Your Honor. All right, the panel itself, you know, actually made the change to the condition. It didn't say, tell the District Court, you know, you made a mistake, correct it. It just said, you know, we're going to change the condition, right? Yes, Your Honor. All right, you think we should do that in this case? If we find some lack of precise language, you think we should just substitute our own language? And then, you know, in other words, so the District Court can just accept it and not have to do anything else? Which really is a resentencing, isn't it? Yes, I believe. If it's with respect to the computer search condition, I don't think there's any need for that, Your Honor. No, no. If you're talking about I'm talking about the notification. So I think the notification provision here is in compliance with Evans, and there is no need to send it back. Executive. Yes, Your Honor. All right. And the reason is, is that Evans, if you look at it, it just doesn't make sense in any other way to read it other than how it's been interpreted by the government probation office and the District Court here, which is to say Evans talks about, and I concede that there are, concede, excuse me, that there are portions of the current condition that have similar flaws as the original condition. However, there's no perfect condition. And what this does, it would be very curious for Evans to come out and to write about, to cite the sentencing guideline change, and to say in the context of a standard condition, which really doesn't contemplate individualized tailoring by each judge, to say all of this and then to not make the next sentence, which is, oh, by the way, that's still unconstitutional, don't try to use that language. It just doesn't seem to be a plausible reading of Evans. Now, if you look at what has happened in the central district, at least, the central district does not have a new standard condition. It's pretty similar to the revised sentencing guideline, isn't it? It is, Your Honor, and it's almost identical to that in the Monroe footnote, which was, it's almost identical. The only difference, as I saw it, was the Monroe footnote says, as determined and directed at the very beginning, and the general order in the central district does not have the as determined. It just says as directed. However, in substance, it's almost identical. I think maybe must says shall in one or two instances. It's almost identical to the provision here. Now, what happened in this case, in terms of the chronology, was that Evans struck down the standard condition. There was this period of time during which I think the central district was trying to figure out the proper language for the new general order. In the interim, this case came through and was sentenced under an almost identical provision as the general order, but not exactly so. The going forward language of the general order attempts to track Evans and does leave that discretion that is contemplated in Evans in citing the sentencing guidelines to the probation officer. It's almost impossible to think of a district court knowing which specific risks are going to exist at the time of sentencing and which specific persons need to be notified of those risks. So answer this question for me, if you can.  A vague supervised release condition cannot be cured by allowing the probation officer an unfettered power of interpretation. End quote. Has that concern been satisfied here or is the notification condition still too vague? Does it put unfettered power into the hands of the probation officer? That's what your opponent is really saying here. And I think your opponent is also saying there really is no language that he can find that is going to satisfy perhaps Evans. But tell me, does this new language satisfy Evans and does it put the proper amount of discretionary power in the hands of the probation officer? I think under the circumstances when some level of discretion must be given to the probation officer if a condition is going to be had, this does a better job and satisfies constitutional concerns that are present in Evans. As I said earlier, the same argument that can be raised against the original Evans condition can be made in part to the current condition. That said, I do think by giving specific requirements to the probation officer that you must specify the risk. You must specify the person. And as your Honor said earlier, the judge can then, if there is an improper delegation or improper execution of that authority, can make that correction. It's better than Evans. It's within constitutional concerns. But certainly any condition of supervised release that allows some discretion can be interpreted too vague in the same way, I believe, Your Honor. Well, this condition, if I'm remembering, at the very least we would need to correct it so that it makes clear that the risks have to be posed by the defendant himself, right? That language is somehow absent from this and it doesn't make any I can't imagine that a probation officer would interpret it otherwise. But don't we at least have to kind of put in that language? I don't know that you have to. I do think that's better language. If the court feels that it's unconstitutional as worded currently and that language would make the difference, then, yes, the court would have to make that change. That is the only difference, I think, between the condition in this case and the standard condition. And if that's the court's concern, yes, a simple remand with an instruction to make that one addition would be the simplest. Well, that's not what Judge Tashima was asking you earlier. He was asking, rather than remanding with instructions for the district court to go through this process, could we not just do it ourselves as occurred in that non-dispo? If that was the change, I think that would be If that's the more efficient way to do that, then I think it could be done. Okay. Thank you very much. Let's put a minute on the clock so we can hear from defense counsel in rebuttal. I'll try to keep this brief. I appreciate the extra time. So there's a lot of discussion about discretion, and I feel like some of that is coming from this idea that new risks might pop up after sentencing and those should be dealt with somehow. I think modification is a better way to deal with those, in part because modification is counsel. If the probation officer says, I want to modify your conditions, the defendant gets a lawyer and the lawyer can look at it and say, hey, there's a problem here. If it's not counsel, people being supervised often don't want to go against their probation officers. They're not looking to rock the boat, and things are going to slip through that just shouldn't be there. I don't think putting in the posed language alone would cure it, because you're still leaving open what risks, whether these are just criminal risks or whether they are risks of non-criminal but still maybe imperfect behavior. You're not dealing with the issue of attenuation. Does it have to even be reasonably foreseeable? And you're not dealing with the sources. Is the probation officer just acting on a hunch, or is he looking at the criminal record or something clear and objective? Okay. Thank you very much. The case just argued is submitted, and we are adjourned for the day. Good. All rise.
judges: Tashima, Watford, Zouhary